Eastern District of Kentucky
F I L E D

JUN 03 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

HARRY EDWARD WASHINGTON, )
)
Petitioner, )  Civil No. 0:19-048-HRW
)
v. )
)
WARDEN, FCI ASHLAND, )  **MEMORANDUM OPINION**
)  **AND ORDER**
Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Harry Edward Washington is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Washington filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. Nos. 1, 1-1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Washington's petition.

In 2014, Washington pled guilty to two counts: (1) possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841; and (2) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). According to Washington, the trial court determined that he was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) because he had at least two prior felony convictions for either a crime of violence or

1

controlled substance offense. As a result, Washington's sentence was enhanced, and the trial court sentenced him to 176 months in prison on count one. The trial court then sentenced Washington to 60 months in prison on count two, and it ordered him to serve the two sentences consecutively. *See United States v. Harry Edward Washington, Jr.*, No. 2:14-cr-018 (E.D. Va. 2014).

Washington has now filed a § 2241 petition with this Court, and he puts forth two arguments in support of his petition. First, Washington argues that, in light of intervening Supreme Court case law, his "prior convictions do not qualify him as a career offender, requiring resentencing without the career offender enhancement." [D. E. No. 1-1 at 10]. Second, Washington argues that the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), also invalidates his sentence. [D. E. No. 1-1 at 37-41]. In the end, Washington claims that his "sentence must be vacated for resentencing." [*Id.* at 41].

Washington's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being

2

carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Washington cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. With respect to Washington's first argument (regarding the § 4B1.1 career offender enhancement), the trial court sentenced him in 2014, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Washington's first claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker*

3

decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Thus, Washington's attack on the § 4B1.1 enhancement is without merit.

Washington's second argument (regarding the Supreme Court's decision in *Dean*) is also unavailing because it too does not fit within the narrow *Hill* framework. In *Dean*, the Supreme Court held that 18 U.S.C. § 924(c) does not restrict a sentencing court from considering a mandatory minimum sentence imposed under that statute when determining sentences for the predicate convictions that do not have mandatory minimums. *See* 137 S. Ct. at 1176-77. Washington suggests that he should be resentenced based on the sentencing court's discretion, as recognized in *Dean*, to consider his mandatory minimum and consecutive sentences when determining the total length of his sentence.

The Sixth Circuit, however, has recognized that this argument, based on *Dean*, "does not involve a 'misapplied sentence' as discussed in *Hill*." *Bennett v. Terris*,

decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Thus, Washington's attack on the § 4B1.1 enhancement is without merit.

Washington's second argument (regarding the Supreme Court's decision in *Dean*) is also unavailing because it too does not fit within the narrow *Hill* framework. In *Dean*, the Supreme Court held that 18 U.S.C. § 924(c) does not restrict a sentencing court from considering a mandatory minimum sentence imposed under that statute when determining sentences for the predicate convictions that do not have mandatory minimums. *See* 137 S. Ct. at 1176-77. Washington suggests that he should be resentenced based on the sentencing court's discretion, as recognized in *Dean*, to consider his mandatory minimum and consecutive sentences when determining the total length of his sentence.

The Sixth Circuit, however, has recognized that this argument, based on *Dean*, "does not involve a 'misapplied sentence' as discussed in *Hill*." *Bennett v. Terris*,

No. 17-2308, 2018 WL 5749202, at *2 (6th Cir. July 13, 2018). The Sixth Circuit explained:

> In *Hill*, the focus was a sentence that had been enhanced by the petitioner's career-offender status based on a conviction that he argued no longer qualified as a "crime of violence" under the Sentencing Guidelines. Here, [the petitioner] does not argue that application of *Dean* would eliminate . . . his § 924(c) conviction[ ] or in any way affect . . . his sentence[ ] on th[at] crime[ ]. He is, at best, arguing that the district court might, with the benefit of *Dean*, exercise its discretion to formulate a sentence on the non-mandatory predicate convictions in a different way than it actually did. He thus cannot show a "misapplied sentence" that "presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."

*Bennett*, 2018 WL 5749202, at *2 (quoting *Hill*, 836 F.3d at 591, 595). In short, Washington's second claim also does not fit within the narrow *Hill* framework and thus is likewise unavailing.

Accordingly, it is **ORDERED** as follows:

1. Washington's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This _3_ day of ~~May~~ June, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

5